### ROBERT WALDON V. THE STATE.

*No. 640.    Decided January 23.*

1. **Self-Defense—Right to Pursue an Adversary Who Abandons the Difficulty—Necessity.**—Where a party is assaulted and his adversary apparently abandons the difficulty, he has no right to pursue or fire upon him, unless it be necessary in order to protect himself from a renewal of the felonious attack, in which event his right to pursue is only limited by the existence of the necessity, and the test of the necessity is the reasonable belief of the person assailed.

2. **Assault with Intent to Murder—Charge—Mutual Combat.**—On a trial for assault with intent to murder, where it appeared that the prosecutor first fired upon the accused, who stooped, and, rising, drew his pistol, with the remark, "If that's your game, here's at you," and fired, *Held,* that this did not constitute the difficulty a mutual combat, and a charge on mutual combat predicated upon such facts was erroneous, and placed the defendant in the wrong, and being excepted to, was reversible error.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

Appellant was tried upon an indictment charging him with assault with intent to murder Len Porter. He was convicted of an aggravated assault, his punishment being assessed at a fine of $300.

The parties engaged in the occurrence out of which this prosecution arose were negroes, and the difficulty occurred at a church festival.

The opinion sufficiently states the case.

No briefs have come to the hands of the Reporter.

HURT, PRESIDING JUDGE.—Appellant, under an indictment charging him with assault with intent to murder, was convicted of aggravated assault and battery. The court submitted a charge upon the theory of mutual combat between the parties. This was promptly excepted to, and a bill of exceptions reserved. If the testimony of Len Porter, the assaulted party, and that of the other witnesses for the State be true, appellant was guilty of an unprovoked and wanton

assault upon said Porter, with the intent to murder him. If, on the contrary, the evidence for the defense is to be credited, the appellant, in so far as the first shot is concerned, was clearly justifiable in firing it. If, however, appellant was justified in firing the first shot, he may not have been justified in firing the subsequent shots after Porter had abandoned the difficulty, the rule upon this subject being, that where a party is assaulted and his adversary apparently abandons the difficulty, he has no right to pursue or fire upon him, unless it is necessary to do so in order to protect himself from a renewal of the felonious attack. In such a case he may lawfully pursue, and his right to pursue continues as long as this necessity continues, and ceases when the necessity ceases. "In other words, if it is necessary for the assailed to pursue in order to protect himself from a renewal of the felonious attack, he may lawfully pursue; and his right to pursue continues as long as this necessity continues, and ceases when the necessity ceases. And further, the test of this necessity is the *reasonable belief* of the person assailed." Horr. & Thomp. Self-Defense Cases, pp. 231, 401, 402, and notes; Willson's Crim. Stats., sec. 969, and collated authorities. We refer to this rule in view of another trial.

We suppose the court based the charge upon mutual combat upon the following evidence, to wit: When Porter drew his pistol from his bosom he snapped it at appellant and then fired, appellant stooping. Appellant states, in this connection: "I drew my pistol from my bosom as I rose up, and fired at Len Porter. As I drew my pistol I said, 'I God, if that's your game, here's at you.'"

We can see nothing in this remark showing a mutual combat. "There was no proposition to Porter or understanding between the parties that they were to fight." If appellant, without making the remark, had fired, he would have shown the same willingness to enter into the difficulty as by the remark.

As appellant was only convicted of aggravated assault, it may be contended that there was no harm in the charge. The charge was promptly excepted to at the time; was not the law of the case; it placed the appellant in the wrong; the jury may have carried this wrong into their verdict in assessing a higher punishment than they would have otherwise done, the punishment assessed being a fine of $300.

The judgment is reversed, and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.