LEE ANDERSON v. THE STATE.

No. 808.   Decided November 16, 1910.

1.—Murder—Charge of Court—Self-Defense—Statutes Construed.

Upon trial of murder, where the evidence showed defendant's perfect right of self-defense, it was reversible error to submit a charge on Article 677, Penal Code, requiring a resort to other means than killing the deceased.

2.—Same—Charge of Court—Manslaughter.

Where, upon trial of murder, it was shown that the deceased was a large heavy man of an overbearing nature; that he was drinking and only a short time before he was killed had twice knocked down the defendant, and undertaken to cut him with a knife, that he was armed with a shotgun at the time of the killing, etc., the court should have submitted the issue of manslaughter, and his failure to do so was reversible error.

3.—Same—Variance—Name of Injured Party.

Where the indictment charged the name of the injured party to be Berry Robinson, and the proof showed it to be Bendy Robinson, the variance was fatal.

Appeal from the District Court of Jasper. Tried below before the Hon. H. C. Howell, Special Judge.

Appeal from a conviction of murder in the second degree; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Smith & Blackshear*, for appellant.—Upon question of court's charge that defendant must resort to all other means before the homicide would be justifiable: Baltrip v. State, 30 Texas Crim. App., 545; Duke v. State, 56 Texas Crim. Rep., 502, 120 S. W. Rep., 894; Renow v. State, 56 Texas Crim. Rep., 343; id., 174; Yardley v. State, 50 Texas Crim. Rep., 644, 100 S. W. Rep., 399; Jones v.

State, 17 Texas Crim. App., 602; Kendall v. State, 8 Texas Crim. App., 569.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for murder in the second degree, the punishment being assessed at seven years confinement in the penitentiary.

1. The court gave in charge article 677 of the Penal Code in regard to the question of self-defense. This statute authorizes a party to slay where there is any violent attack other than those mentioned in articles 675 and 676 of the Penal Code. This was one of appellant's complaints in the trial court and is urged here for reversal. Under one phase of the testimony the issue of perfect self-defense was clearly raised. Under another phase of the evidence the jury might have been justified in finding adversely to him. Without going into a detailed statement of the evidence, it is shown, substantially, that an hour or so before the homicide the deceased got into a quarrel with appellant, and was the aggressive party, in which he twice knocked appellant down. Upon getting up on his feet after the second blow appellant started in the direction of deceased, who ran or moved away. There was a woman present who testified on the trial, who states that she caught hold of appellant and while holding him deceased ran up with a knife in his hand and cut at appellant, but missing him, cut her on the arm. Subsequently, on the same evening, there was a party or dance at the residence of the witness Mayo. Appellant was sitting in the room where the parties were dancing "picking on a guitar." Deceased made his appearance armed with a shotgun, holding the breech under his right arm and the muzzle pointed towards the floor as he entered the room. Appellant was notified by one of the witnesses just before the appearance of the deceased that he was coming armed for the purpose of killing him. Appellant replied that he did not believe deceased would kill him. However, upon the appearance of deceased in the room appellant approached him, a conversation occurred, and upon a movement on the part of deceased as if to shoot, appellant grabbed the gun. They scuffled over it out of the room, and outdoors, when a shot was fired, which proved fatal to deceased. This shot was evidently fired by appellant. This was one phase of the case. There is some evidence introduced to this effect: That when deceased entered the room appellant got up, went out and was gone a very short time, and returned, and there was some scuffling over the gun when appellant shot deceased, and it may be stated, perhaps, there is some indication that there was no scuffling over the gun, but that appellant approached deceased and shot him. This is a substantial general statement of the case.

Under this evidence a charge on article 677 of the Penal Code

was unauthorized. Appellant's case of self-defense was perfect. He did not have to resort to any other means, as required by the charge. He was entitled to a charge on the right of perfect self-defense untrammeled by the limitations contained in article 677, supra.

2. It was complained in the court below and urged for reversal here that the court failed to charge the law applicable to manslaughter. We are of opinion that the court should have submitted this issue to the jury. It is shown that deceased was a large, heavy man, of an overbearing nature, accustomed to engage in broils and fights, and was drinking; that he had only a short time before and on the same evening twice knocked the appellant down, and undertook to cut him with a knife; that he had armed himself with a shotgun, and gone to the party where appellant was, and entered the room with it under his arm, the muzzle pointed downward, and in this condition of affairs appellant was notified of the fact that deceased intended to kill him. This, in addition to what was stated above, we think, clearly shows that a charge on manslaughter was demanded, and that the court's failure to give this law in the charge to the jury is reversible error.

3. There is another matter not suggested by appellant for reversal, but to which we call attention in view of another trial. The indictment charges that appellant killed Berry Robinson. The evidence shows the name of deceased to be Bendy Robinson. The record should not be left in this condition upon another trial. The name of the deceased as alleged in the indictment should correspond with the facts, or the facts should correspond with the allegations in this respect.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*