Ray Taylor v. The State.

No. 5419.   Decided June 18, 1919.

Murder—Manslaughter—Self-Defense—Charge of Court. .

> Where, upon trial of murder, and a conviction of manslaughter, the court's charge on self-defense did not submit the right of defendant, if attacked, to resist and to pursue his adversary until all·danger or apparent danger was at an end;  the evidence raising this issue, and this although the testimony may not have been true, the same is reversible error.  Following Wilson v. State, 46 Texas Crim. Rep., 523, and other cases.

Appeal from the District Court of Denton. Tried below before the Hon. John Speer.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted of manslaughter, in the District Court of Denton County and given two years in the penitentiary, for the killing of Will Hyden by cutting him with a knife.

The evidence in the case is very voluminous and not necessary to state. There was evidence in the case from several witnesses that deceased, at the time of the fatal difficulty, had and used a piece of plank of sufficient size to crush a man's skull, and appellant had and used a knife. The testimony was conflicting as to which struck the first blow, though appellant and some of his witnesses testified that deceased struck first and cut one of appellant's hands to the bone with a blow of the piece of plank, but all of the witnesses swore that the fight continued for a distance of some forty or fifty steps from the point of its beginning, deceased retreating and appellant following and cutting him. At a point thirty or forty steps from the beginning of the difficulty deceased fell against a bank and when he did so he dropped the plank and appellant swore that he did not cut him any more after he dropped the plank. Appellant also testified that all the way down to this point deceased was trying to hit him with the stick after inflicting upon him the first blow mentioned, and he was cutting deceased.

. The court's charge on self-defense did not·submit the right of appellant, if attacked, to resist and to pursue his adversary until all danger or apparent danger was at an end. The court did instruct the jury that appellant did not have to retreat, but inasmuch as it is admitted by all parties that appellant pursued deceased, some distance after the difficulty began, it is insisted that the court's error in fail-

ing to instruct the jury as to the right of the appellant to make such pursuit in a proper case, was injurious. This failure of the charge was properly excepted to and a special charge asked substantially instructing the jury in addition to the usual matters relative to self-defense, that appellant was not bound to retreat but was authorized to continue to act in his own self-defense and to pursue his adversary as long as it appeared to him, viewed from his standpoint, that danger to him at the hands of the deceased existed. This charge, or a similar one, should have been given. The testimony may or may not have been true, but that is a matter for the jury. The evidence raised the issue and it was error for the court not to submit same and the error is a substantial one. Wilson v. State, 46 Texas Crim. Rep., 523; Johnson v. State, 50 S. W. Rep., 343; Stanley v. State, 44 S. W. Rep., 519; Waldon v. State, 34 Texas Crim. Rep., 92 West v. State, 2 Texas Crim. App., 460.

The other errors complained of will probably not occur upon another trial.

For the error mentioned, the judgment of the trial court will be reversed and the cause remanded for another trial.

*Reversed and remanded.*