CAMPBELL PERKINS v. THE STATE.

No. 11702.   Delivered June 6, 1928.

The opinion states the case.

*McCall & Crawford* of Corral, for appellant.

*A. A. Dawson of Canton,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manslaughter; the punishment confinement in the penitentiary for four years.

Appellant testified that deceased was armed with a pistol, which he held in his hand behind his leg; that he asked deceased what he was going to do with the pistol; that deceased replied: "G— d— you, I will show you"; that deceased immediately raised the hand in which he held the pistol; that he shot deceased when he raised his hand because he believed deceased was going to kill him. Other witnesses testified that deceased was armed with a pistol.

In determining the sufficiency of the charge on self-defense it will not be necessary to set out the state's testimony. That part of the charge complained of is as follows:

"If from the evidence you believe the defendant killed said Lewis Griffin, but further believe that at the time of so doing the deceased had made an attack on him, which, from the manner and character of it and the relative strength of the parties and the defendant's knowledge of the character and disposition of the deceased, caused him to have a reasonable expectation or fear of death or serious bodily injury and that acting under such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him."

By proper and timely exception appellant called to the attention of the court the fact that the jury were only allowed by the charge

to determine that appellant was in danger from the acts and conduct of the deceased in making an attack, and that they were not authorized to consider in connection with the acts of deceased the words used by him. The exception was well taken. Subdivision 1, Article 1222 P. C. provides:

"It must reasonably appear by the acts or by words coupled with the acts of the person killed that it was the purpose and intent of such person to commit one of the offenses above named."

The charge complained of made appellant's right to defend himself depend wholly on the act of the deceased in having made an attack. The charge should refer to both the acts and words of the deceased where the facts show that the words as well as the acts may have produced in the mind of the accused fear of death or serious bodily injury at the hands of the deceased. Briggs v. State, 255 S. W. 410; Dugan v. State, 216 S. W. 161.

It is not necessary to discuss the other exceptions to the charge on self-defense other than to suggest that if the issue is presented in the same manner on another trial the charge should be so framed as not to be subject to the criticism that it is too restrictive in the particulars pointed out in the exceptions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.