ADAM BAZAN v. THE STATE.

No. 11966.   Delivered January 9, 1929.

The opinion states the case.

*Watson & Hocker* of San Antonio for appellant.

*A. A. Dawson,* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—The offense is murder; the penalty, death. The deceased was a woman, about forty-five years old at the time of the homicide, the appellant a youth of about twenty. Both were Mexicans. The homicide is alleged to have occurred about October 10, 1923. About four years elapsed before the appellant was suspected of the crime. Appellant signed a confession admitting the homicide, but claiming same was in self-defense. The motive for the crime according to the State's theory was robbery. The reason given by appellant, which finds some corroboration in the record, was substantially as follows:   He claims the deceased began "to run after him" when he was about fifteen years old and forced her atten-

tions upon him for some four or five years thereafter; that deceased became aware just prior to the homicide that he was about to marry another woman and threatened his life; that on the night of the homicide she got him in a car and told him that she would kill him unless he married her that night; that she had a pistol with her; that he escaped and went to the house of a friend and procured an axe. Returning, he came unexpectedly upon her. She drew a pistol on him and told him that she had him and was going to kill him. Thereupon he struck her with the axe, not intending to kill her. She died and appellant buried her body and afterwards told the officers where same could be found and same was found.

In his motion for new trial appellant sets up as ground for same newly discovered evidence. Among such is that of witness Benavides whose affidavit is attached and in which it appears that witness would testify that deceased had told the witness she would take appellant's life unless appellant married her. Testimony of other witnesses of a somewhat similar and highly material character is shown in said motion. Appellant brings himself within the rules governing matters of this kind and the Court's action in overruling said motion was, we think, erroneous, and we do not think any further discussion would serve any useful purpose.

In view of the disposition we make of this case we call attention to the following paragraph of the Court's charge:

"If from the evidence you believe the defendant killed the said Antonia G. Garcia, but further believe that at the time of so doing the deceased had made, was making, or was preparing to make an attack on him, which, from the manner and character of it and the relative strength of the parties and the defendant's knowledge of the character and disposition of the deceased, caused him to have a reasonable expectation or fear of death or serious bodily injury and that acting under such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him; and if the deceased was armed at the time she was killed and had made, was making or was preparing to make such attack on defendant, and if the weapon used by her and the manner of its use were such as were reasonably calculated to produce death or serious bodily harm, then the law presumes the deceased intended to murder or to inflict serious bodily injury upon the defendant."

This particular paragraph of the charge is defective in two particulars: (1) It submits self-defense as it appeared to the jury rather than as it reasonably appeared to the appellant; (2) it and the

charge as a whole confined the jury's consideration in effect to the acts of the deceased at the time of the homicide. Our Penal Code provides: "It must reasonably appear by the acts or by words coupled with the acts of the person killed that it was the purpose and intent of such person to commit one of the offenses above named."

The appellant testified in part:

"She (deceased) says, 'Now, I will kill you' * * * and pointed the gun, and when she pointed the gun, I grabbed her with my right hand and hit her on the head. * * * I didn't aim to kill her, I just wanted to get away."

A charge is unduly restrictive which limits the jury's consideration to the acts of the deceased where the testimony shows the use of words which may have, in connection with the acts, produced in the, mind of the accused a fear of death or serious bodily injury. Perkins v. State, 8 S. W. (2nd) 122, and authorities cited. The words used by deceased "Now I will kill you" should not have been eliminated from the jury's consideration, as plainly they may have in conjunction with the acts of deceased at the time occasioned the belief that danger of death or serious bodily injury existed, and the jury should have been appropriately instructed in this particular phase of the case.

It is the belief of defendant as to the existence of facts and not the truth of facts that should be submitted to the jury in cases of this character. Singleton v. State, 216 S. W. 1094, and authorities cited. Under the facts present in this record the jury should be instructed to acquit if they believe it reasonably appeared to the defendant, etc., rather than in the language "If you believe the deceased had made or was about to make an attack," etc. The quoted language of the Court's charge submits self-defense from the jury's standpoint. A charge in almost this identical language was condemned in Carlile v. State, 90 Tex. Crim. Rep. 1. See also Singleton v. State, 216 S. W. 1094. This defect is not cured in any other part of the court's charge and constitutes error.

Objection was made to the admission of testimony that deceased was seen with some money on the streets of San Antonio some four or five years preceding the trial. The objection made was that this fact was not shown to be known to the defendant. We think the objection went to the weight rather than to the admissibility of the evidence. This was admitted as we view it as proof only that deceased possessed property prior to her death. The intimate and long continued association between appellant and deceased which was ad-

mitted was sufficient, we think, to circumstantially show the knowledge of appellant as to the possession of money by deceased.

We do not think it necessary to discuss the appellant's criticism of the Court's charge on threats. It was substantially in the language of the statute and the specific objections urged will be sufficiently met in the charge as a whole if a correct charge on self-defense is given in accordance with the views above expressed.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.