E. GILBERT v. THE STATE.

No. 12904.   Delivered March 26, 1930.
Reported in 26 S. W. (2d) 644.

The opinion states the case.

*G. C. Lowe* and *Wheat & Thomas,* all of Woodville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, life imprisonment in the penitentiary.

Appellant complains of the refusal of an application for continuance. The application makes some appeal because of the apparent materiality of the alleged absent witness, but the showing of diligence is insufficient, and we are unable to believe the trial court in error in declining to continue the case.

In the charge of the court he instructed the jury, in substance, that if they believed that at the time the defendant killed Wesley McCarty, the latter "had made an attack on him which, from the manner and character of it and the relative strength of the parties," etc., caused him to have a reasonable expectation or fear, and that under such circumstances the defendant killed the deceased, then they should acquit. Appellant asked a special charge, in substance, that if the defendant believed that the deceased had taken his money . . . and at the time he cut deceased he did so to protect himself from real or apparent danger as viewed from his standpoint, the jury should acquit. We find nothing in the charge of the court instructing the jury in effect or in substance that in determining the appellant's rights the occurrence should be viewed from what the jury believed to have been his standpoint at the time. Nor do we find any instruction that appellant would have been justified in acting if from the circumstances it reasonably appeared to him that deceased was about to make an attack upon him which caused him to have a reasonable expectation or fear of death or serious bodily injury. It is never necessary for one who claims to have acted in self-defense, to wait until his adversary has made an actual attack upon him. He may act upon the reasonable appearances of danger as viewed from his standpoint, and the jury must be so told. There was no exception to the charge of the court, but the special charge might have been deemed sufficient to call the attention of the court to the omission of the above matters.

Upon another trial, in the light of recent decisions of this court, attention is called to the fact that the indictment herein fails to allege that the killing was upon malice aforethought. If the State wishes to obtain a penalty greater than five years, it will be necessary for the indictment to contain this allegation. Swilley v. State, No. 12792, opinion March 19, 1930.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*