## John D. Holland v. The State.

### No. 14093. Delivered May 6, 1931.

The opinion states the case.

*R. T. Wilkinson, Jr.* and *F. B. Caudle,* both of Mt. Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The conviction was for murder and the punishment assessed at four years in the penitentiary.

Appellant operated a hamburger stand in the city of Mt. Vernon. Nearby was a filling station. About the noon hour on Sunday, the deceased and his eighteen year old son came into appellant's place of business in a drunken condition. Deceased was cursing and applying vile epithets to those in and around and about the place of business. After

they came into the hamburger stand, appellant remonstrated with the deceased to get out of his place of business. About this time the son of the deceased vomited on the floor, whereupon the appellant put the young man out of his place of business. It was the state's contention that after deceased left the place of business, appellant went out of the building and committed an unprovoked assault upon deceased, striking him with his fist and stabbing him with a butcher knife in the left side.

. It was appellant's contention that the deceased had voluntarily abused him and cursed him and threatened him and at the time of the attack was advancing upon him, and that he struck deceased in self-defense. Appellant also testified to a lack of intent to kill.

The case was submitted to the jury under the law of murder with and without malice, also upon the issue of assault to murder, aggravated assault and self-defense.

The record is very voluminous and there are a number of bills of exception, most all of which relate to the matter of the charge.

By bills of exception Nos. 6, 8, 9 and 10, appellant presents exceptions to the court's charge upon the law of self-defense, and bill of exception No. 38 presents appellant's special requested charge upon that issue. Said bills of exception go to the court's charge applying the law of self-defense to the facts herein, as contained in paragraph 10, which is as follows:

"If from the evidence you believe the defendant killed said Hiram Carpenter, but further believe, or have a reasonable doubt therof that at the time of so doing the deceased had made an attack on him or had made some movement or demonstration as if to attack the defendant, which, from the manner and character of it and the relative strength of the parties and the defendant's knowledge of the character and disposition of deceased, caused him to have a reasonable expectation or fear of death or serious bodily injury viewed from the defendant's standpoint at the time, and that acting under such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him."

Appellant objected and excepted to the court's charge and to paragraph 10 thereof for the reason that same was too restrictive and did not submit the law of apparent danger from the facts of this case.

The appellant testified in his own behalf that the deceased and his son had come to his place of business just before the difficulty, both intoxicated, and that deceased had cursed and abused him severely and had threatened to close his place of business; that appellant had put the deceased's son out of his house after he had vomited on his floor, and that appellant was followed out of the house by the deceased. Appellant further testified that deceased turned around and said, "You g— d— m— f— s— of a b—, you lay down that knife and we will stretch you out"; that he had his sleeves rolled up and his fists doubled up and

started towards him. He further testified that the deceased was a strong man physically, that he would weigh 175 or 180 pounds; that he knew him at the time and regarded him as being a dangerous man; that he was afraid of him; that he believed he was a man that would try to put into execution a threat when he had made it; that when he made the statement about stretching him out that he believed he was fixing to get on him; that the son of deceased weighed about 150 pounds; that when the deceased told him to lay down the knife he didn't think the deceased wanted to fight, but thought he was going to do what he said he was going to do, that he was going to string him up.

Appellant was corroborated by other witnesses as to what the deceased said and that the deceased was going towards the appellant at the time he made the remarks.

In the case of Carlile v. State, 90 Texas Crim. Rep., 1, 232 S. W., 823, appellant excepted to the court's charge for failure to submit the issue of self-defense based on apparent danger. The charge in that case complained of was as follows: "If from the evidence you believe the defendant killed the said John Lance, but further believe that at the time of so doing the deceased had made an attack on him, or was about to make an attack upon him, which, from the manner and character of it, caused him to have a reasonable expectation or fear of death or serious bodily injury, and that acting under such reasonable expectation or fear the defendant killed the deceased, then you will acquit him."

The court in passing upon said exception held that the same was well taken, especially in view of the fact that if the appellant in that case had any right of self-defense at all under the facts in the case, it was based almost, if not entirely, upon apparent danger and therefore it was strictly appellant's right to act upon the theory of apparent danger and that the court should have charged the jury in substance that if they believed from the evidence that appellant killed deceased, but that at the time of such killing, it reasonably appeared to appellant, from the acts of deceased, viewed from what the jury believe to have been his standpoint at the time, that deceased was about to make an attack upon him, which from the manner of same, etc.

As in the Carlile case, supra, if there was self-defense in this case at all, it was the right to defend against demonstrations of apparent danger and under these circumstances it is the belief of the defendant as to the existence of facts and not the truth of facts that should be submitted to the jury. A party attacked has the right to act under the reasonable appearance of danger viewed from his standpoint and the jury should be so told. Although a correct statement of the legal proposition may appear in an abstract definition in some part of the court's charge, it does not take the place of or obviate the necessity for the application of such principle to the facts. Bazan v. State, 111 Texas Crim. Rep., 320, 12 S. W.

(2d) 788; Gilbert v. State, 114 Texas Crim. Rep., 532, 26 S. W. (2d) 644; Singleton v. State, 86 Texas Crim Rep., 401, 216 S. W., 1094, and authorities cited. The court should have charged that it was the right of the appellant to defend against apparent danger as it reasonably appeared to him at the time from the acts and words of the deceased rather than in the language used in. paragraph 10 of the court's charge: "If you believe * * * the deceased had made an attack on him or had made some movement or demonstration as if to attack the defendant."

Appellant also excepted to said charge because it limited appellant's right of self-defense to an actual attack, movement or demonstration as if to attack on the part of deceased, when the testimony showed the use of words on the part of deceased and by him, which may have produced in the mind of appellant a fear of death or serious bodily injury.

We believe the charge complained of should have referred to both the acts and words of the deceased, where the facts show from appellant's standpoint, as they do in this case, that the words as well as the acts of the deceased may have produced in the mind of the appellant a fear of an attack at the hands of the deceased and a charge is unduly restrictive which limits the jury's consideration to the acts of the deceased where the testimony shows the use of words which may have in connection with the acts produced in the mind of appellant fear of death or serious bodily injury. See Perkins v. State, 110 Texas Crim. Rep., 262, 8 S. W. (2d) 122, and authorities cited; also Bazan v. State, 111 Texas Crim. Rep., 320, 12 S. W. (2d) 788.

Bills of exception Nos. 27, 46, 35, 36 and 49 present a proposition that may well be considered under one discussion. The following proposition is submitted under these bills: That the court's charge upon self-defense as applied to the issues of assault to murder and of aggravated assault was too restrictive for the reason that same limited the appellant's right of self-defense to an apprehension or fear of death or serious bodily injury.

The issues of murder, assault to murder and aggravated assault were charged upon by the court. The court only gave one charge on the issue of self-defense. The court's charge limited the appellant's right of self-defense on all of the issues to an attack by the deceased which caused him, appellant, to have a reasonable apprehension of death or serious bodily injury. This was timely excepted to by appellant, and specially requested charges presented, which exceptions were overruled and the charges refused. This question as here presented has been before this court in a number of cases. See Stroud v. State, 113 Texas Crim. Rep., 621, 24 S. W. (2d) 52, and Forest v. State, 108 Texas Crim. Rep., 159, 300 S. W., 51. Both of these cases were murder cases in which the conviction was for murder. We quote from the Forest case, supra:

"Bearing in mind, however, that one of the issues in this case is

aggravated assault, as well as murder, is a charge correct which author-
izes an acquittal only if it reasonably appeared to defendant that he was
in danger of death or serious bodily injury? This was the effect of the
court's charge in this case on self-defense. This is correct in a homicide
case, but unquestionably too restrictive in an aggravated assault case."
Citing Hix v. State, 51 Texas Crim. Rep., 431, 102 S. W., 405; Britton
v. State, 95 Texas Crim. Rep., 209, 253 S. W., 519; Schutz v. State,
96 Texas Crim. Rep., 287, 257 S. W., 880.

Continuing, the opinion says:

"An analysis of the authorities on this subject makes it plain, that,
while an attack which evidences a purpose less than to kill or do serious
bodily injury may reduce the offense below the grade of murder, such
an attack cannot justify the defendant, except when his own act is not
of a higher grade than aggravated or simple assault, and not then unless
he used no more force than was necessary to protect his person from the
assault so made or threatened. Hix. v. State, supra.

"Aggravated assault being a proper issue in this case, it will be neces-
sary for the court to give a further charge on self-defense in accordance
with the views herein expressd."

We have not undertaken to discuss all of the bills of exception, num-
bering more than fifty, for the reason that a number of the bills com-
plaining of the court's action are not likely to occur upon another trial
of this case and it is deemed unnecessary to discuss them. The appellant
admits that a number of said bills of exception do not show reversible
error. While some of the matters urged are subject to a fair criticism,
they are scarcely of such a substantial or weighty nature as would justify
us in reversing the case.

Because the charge of the court on self-defense is unduly restrictive of
the rights of the appellant under the evidence in the case, the judgment
is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been exam-
ined by the Judges of the Court of Criminal Appeals and approved by
the Court.