ELMO SULLIVAN v. THE STATE.

No. 22468. Delivered April 7, 1943.
Rehearing Denied May 26, 1943.

80

The opinion states the case.

*Jno. B. McNamara,* of Waco, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fifteen-year sentence in the penitentiary on a charge of murder.

Just before dark on July 24, 1942, a number of members of the Colored Race, male and female it seems, were gathered around a crap game on Seventh Street, North Waco, just around the corner from another street intersecting it. The scene was in front of a beer joint. The equipment for shooting craps apparently did not accommodate the entire crowd. While some were rolling the dice others "faded the game," which, it is explained, means that they were betting on the success of actual

participants. Others were looking on. Elmo Sullivan had won seventy-five cents from some party who was anxious for an opportunity to recover. Evidently he had had other successes for Fairless Thompson, a prospective brother-in-law, arrived at the psychological moment to collect two dollars and thirty-five cents from him. They were engaged in making change for a five-dollar bill to liquidate this indebtedness when Ollie McKenzie, a newly-wed, who had contacted a couple of his lady friends on the public square, and, bringing them home to a location a few yards away from this particular beer joint, rounded the corner rather hurriedly, and, approaching appellant, failed to stop his car quickly enough to suit appellant's idea of proper courtesy and consideration, whereupon an argument began in which rather forceful swearing took place. Just what was said is made uncertain by reason of the great number of witnesses who testified on the subject, no two of whom were able to detail exactly the same language. The most certain fact appearing from the record is that one group understood things that were said quite differently from what the other group did. The jury heard the evidence, found appellant guilty of murder with malice and assessed his penalty at fifteen years in the penitentiary. The undisputed fact remains that the two parties went to the car, from which the deceased alighted; deceased reached into his car and came out with his automobile crank, striking the appellant either in self-defense, as the State contends, or in an attack upon appellant, who cut him with a knife in self-defense, according to his theory, strongly supported by numerous witnesses, both relatives and prospective relatives. According to these many witnesses, it is a clear case of self-defense. As a conclusion to the defense appellant himself testified and admitted that his witnesses had at least reached the proper conclusion of the whole matter.

In view of the fact that the weapon used is not a deadly weapon per se, his evidence raises an issue of an intention to kill and it became the duty of the court to submit to the jury this issue in his charge. Miller v. State, 13 S. W. (2d) 865; Shannon v. State, 36 S. W. (2d) 521; Briscoe v. State, 56 S. W. (2d) 458.

Appellant excepts to the court's charge on the ground that it failed to instruct the jury that they could not convict appellant for murder unless they found as a fact that he intended at the time of the conflict to kill the deceased. Exception No. 4 directed at Paragraph 9 of the court's charge is relied upon. Paragraph 9 reads as follows:·

"Now if you believe from the evidence in this case beyond a reasonable doubt that the defendant Elmo Sullivan, in the County of McLennan and State of Texas, on or about the 24th day of July, A. D. 1942, did unlawfully and voluntarily and with malice aforethought, cut with a knife and thereby kill the said Ollie McKenzie, as charged in the indictment and not in his own necessary self defense as hereinafter defined you will find him guilty of murder and assess his punishment at death, or by confinement in the penitentiary for life, or for any term of years not less than two."

It will be observed that the foregoing charge is subject to the exceptions leveled against it and the case must be reversed unless there is found within the charge other language sufficiently specific to so instruct the jury definitely and clearly and which may be held to correct this error. We find Section 18 of the court's charge reading as follows:

"If from the evidence you believe beyond a reasonable doubt that the defendant Elmo Sullivan, about the time alleged in the indictment, did cut with a knife and thereby kill the said Ollie McKenzie, and not in his own necessary self defense as herein explained, and *you further believe from the evidence that at the time of cutting the deceased the defendant did not have the specific intent to kill the deceased,* you will acquit him of murder and next consider whether he is· guilty of an aggravated assault."

It will be noted that in instructing the jury on the question of intent to kill the deceased in the foregoing (Section 18) the court failed to give appellant the benefit of reasonable doubt, thus placing upon him a greater burden than the law provides. Unquestionably, Section 9 should have contained an instruction on the issue of intention, either within it or so closely related to it that the jury could not misunderstand. The novel question here presented is whether or not an improperly worded charge, shifting the burden of proof, will suffice to correct an error clearly discoverable in Section 9. It is our conclusion that a proper consideration of the authorities holding that the entire charge may be looked to in determining whether or not an issue had been properly submitted will not support the State's contention that the issue was sufficiently submitted to the jury. Had it been properly submitted in Section 18, placing the burden of proof on the State, the question might have impressed us differently.

·The numerous exceptions to the charge which we do not discuss are not of sufficient importance to support reversal

of the case. Probably presenting them resulted in corrections being made. Probably there was merit in some of them as originally presented. Exception No. 11 presents an exception to Paragraph 16 of the court's charge which submits the issue of self-defense "for the reason said charge does not instruct the jury that it may take into consideration the words spoken by the deceased as well as his acts." This is not a case requiring such a charge because the defense is based on actual danger alone as distinguished from apparent danger. Branch's Ann. P. C., p. 1170, Art. 1143, Sec. 2083; Chalk v. State, 32 S. W. 534; Barnes v. State, 45 S. W. 495.

We recognize early cases did not fully accord with this view and so far as they may appear to be in conflict we think they have been overruled.

Many other complaints are found in the appeal which should not appear again. The charge needs revision but so do the exceptions taken to it.

For the error discussed, the judgment of the trial court is reversed and the cause remanded.

ON MOTION FOR REHEARING.

GRAVES, Judge.

The State in its motion for a rehearing admits that the quoted paragraph nine of the court's charge was in error in that same failed to incorporate therein the fact that before appellant could be found guilty of murder he must have had the specific intent to kill the deceased at the time he assaulted McKenzie with a knife, same not being a deadly weapon per se. This omission is also found in paragraph twelve, which is the charge on murder without malice. We find that both paragraphs, nine and twelve of such charge, were objected to because, among other things, they failed to charge relative to the intent to kill.

It is also called to our attention by the State that in paragraph eighteen of such charge, as quoted in the original opinion, there did appear an instruction relative to the specific intent to kill upon appellant's part, such paragraph relating to the possibility of an aggravated assault being presented by the facts. It is also to be noted, however, that such paragraph eighteen, in its above italicized portion, places a greater burden upon appellant than that authorized by law, in that he must first show the absence of a specific intent to kill rather than the State

should show its presence beyond a reasonable doubt. True it is, as shown by the State, no objection was levelled at such paragraph eighteen, relative to the incorrect portion thereof, yet the State must rely upon such an incorrect paragraph in order to show that the specific intent to kill was charged upon and required before the jury could convict of murder. Again, it is noted that in paragraph twenty-one of such charge the court required the jury to believe, or have a reasonable doubt thereof, that appellant did not have a specific intent to kill before they could consider whether the offense was that of an aggravated assault.

In the condition in which we find this charge, the jury could hardly be expected to fully understand the different conflicting elements thereof as presented therein, and we are convinced that the original opinion reversing this cause is correct.

The motion for a rehearing will therefore be overruled.