Fletcher Eugene BURNETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 43755.

Court of Criminal Appeals of Texas.

May 12, 1971.

Kilgore, Cole & Garrett by W. W. Kilgore, Victoria, for appellant.

William C. Sparks, Dist. Atty., and D. F. Martinak, Asst. Dist. Atty., Victoria, and Jim D. Vollers, State's Atty., Austin, for the State.

———◆———

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of murder without malice. The punishment was assessed by a jury at five years.

The evidence reflects that Fletcher Eugene Burnett, the appellant, and his sister, Carolyn Rydolph, went to the Imperial Club in Victoria on the evening of July 4, 1969. They arrived at the Club at approximately 8 P.M., joined some friends, drank and danced a little until approximately midnight. Around midnight Carolyn Rydolph was called outside by a friend to meet her husband, Carl Rydolph, the deceased, who slapped and hit her in the face and directed her to go home with him. Appellant, upon hearing that his sister and the deceased were outside fighting, went outside where he and the deceased engaged in a fight. The deceased then knocked appellant down and started hitting his wife,

**562**

Carolyn Rydolph, again. Appellant attempted to intervene on behalf of his sister, whereupon deceased again knocked him down. Carolyn Rydolph went back inside the Imperial Club to wash her face, and upon returning she got into the car of another whereupon her husband, the deceased, began to pull her out of that car. Appellant approached the deceased and began to pull him away from Carolyn. The appellant and the deceased then "started fighting" a third time. This struggle lasted some time, during which time the two of them were striking each other with their fists, holding each other, "grabbing each other by the arm," and just generally having a "free for all". At some time during this struggle, while the deceased was holding appellant around his neck, someone handed appellant a pocket knife and he "stabbed the deceased" one time in the stomach. The deceased said "He got me," and the fight then broke up. The deceased was taken to the hospital where he was admitted, and he died about eight days later from peritonitis (an infection from the stab wound).

By his first ground of error appellant contends that the trial court committed reversible error by refusing to allow him to testify that he did not intend to kill the deceased.

The record reflects the following:

"Q. (By Mr. Kilgore) Fletcher, did you have any intention of killing Carl?

"MR. SPARKS: Objection, Your Honor, this would be a conclusion on the part of this witness.

"THE COURT: Objection will be sustained, counsel.

"MR. KILGORE: May I approach the bench, Your Honor?"

The jury was then retired and appellant perfected his bill of exception to the court's ruling. The appellant testified, in perfecting his bill of exception, that he did not intend to kill deceased at the time, which evidence was then tendered by appellant and request was made to the court to permit such testimony to be admitted to the jury; objection thereto was sustained by the court.

 We hold that the trial court committed reversible error by refusing to permit the appellant to testify that he had no intention of killing the deceased. Lozano v. State, 83 Tex.Cr.R. 174, 202 S.W. 510. When a murder is committed by use of a weapon not deadly per se, and not under circumstances controlled by a specific statute by which the intent to kill is presumed, intent is an essential element of the crime; therefore, a defendant should be allowed to testify relative to his state of mind under such circumstances. Baylor v. State, 151 Tex.Cr.R. 365, 208 S.W.2d 558; Sullivan v. State, 146 Tex.Cr.R. 79, 171 S.W.2d 353; Miller v. State, 112 Tex.Cr.R. 125, 13 S.W. 2d 865.

In view of the disposition herein made, other contentions will not be discussed, because the questions presented would not likely arise in the event of another trial.

The judgment is reversed and the cause remanded.