HENRY ROBERTS v. THE STATE.

No. 154.   Decided November 3, 1909.

**1.—Murder—Conflict of Testimony—Question of Fact—Practice on Appeal.**

On trial for murder, where the State claimed criminal intent on the part of the defendant, and the latter claimed an accidental shooting of the deceased, the Court of Criminal Appeals will not reverse for the insufficiency of the evidence.

**2.—Same—Newly Discovered Testimony—Cumulative Testimony.**

Where the testimony set out in the motion for new trial relating to the physical condition of the ground and surroundings of the scene of the homicide was merely cumulative to that introduced on the trial, it does not come within the scope of newly-discovered evidence, and the court did not err in refusing a new trial.

Appeal from the District Court of Houston. Tried below before the Hon. B. H. Gardener.

Appeal from a conviction of manslaughter; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Moore & Sallas,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for manslaughter, the punishment being assessed at four years in the penitentiary. It would be difficult to read a record where the contradictions are more numerous or more critical than is evidenced by the facts found in this record. The appellant is a stepson of the deceased and was at his home when the deceased came by and was shot. The son of deceased, stepbrother of appellant, testified, as did another witness, that appellant shot the deceased because he was whipping his halfsister, the daughter of deceased. This daughter who is said to have been chastised by her father, testified that she was not there and her father had not whipped her; that she was at home, her father's residence, at the time of the homicide doing a day's washing and knew nothing of the transaction until some hours after the shooting occurred and after her father was brought home shot. The deceased lived some time and made statements in regard to how the shooting occurred and he stated each time that the shooting was accidental. The theory of the defendant was that the deceased was passing his house bee hunting, and introduced evidence to that effect, and that he and his stepbrother, Marshall, son of deceased, had been shooting at a target and that he, appellant, fired the pistol not knowing that his stepfather was passing; that deceased could not be seen by him on account of weeds, timber and brush, and the shooting was purely accidental and unintentional. One of the State's witnesses who testifies to the shooting as being criminal, was shown not to have been present at the time of the shooting. The whole record is full of direct contradictions as to the witnesses and their presence or non-presence at the time of the difficulty. In this view of the record we are asked to reverse the case on account of want of sufficient evidence to justify a verdict. We are of opinion that this contention ought not to be sustained. The jury are the exclusive judges of the facts proved and the credibility of the witnesses.

Whether the State's witnesses swore falsehoods or not we cannot say and the jury saw proper to believe their version of the matter and convicted. It was their province to reconcile these contradictory statements if they could, or to believe such testimony as occurred to them to be proper to be credited. There was a good deal of testimony also in the record with reference to the condition of the place as to whether the deceased could not have been seen as contended by appellant. The issue on this phase of the testimony was decidedly sharp, as it was in regard to the other issue in the case that appellant shot his stepfather on account of the chastisement of his sister and whether he shot him accidentally and unintentionally. These matters were fairly submitted to the jury in the charge of the court, and, in fact, there is no complaint in regard to the court's charge in relation to these issues.

The motion for new trial is mainly based upon alleged newly discovered testimony. We are of opinion this evidence is not newly discovered within the contemplation of the law, but put in its strongest light for appellant, it is purely cumulative and related only to the physical condition of the ground and surroundings of the scene of the tragedy. It is contended that it could be proved by these witnesses that the State's testimony was not correct in regard to the timber, brush and weeds about the place. To support this, after the trial photographic views were taken of the place from different angles of view and these are appended to the motion for new trial and sent up in the record. As before stated, as to whether or not there was sufficient timber, weeds and brush to obscure the presence of deceased at the time of the shot so that appellant could not see him, there was considerable evidence introduced pro and con during the trial. It is therefore evident that the testimony upon which appellant sought his new trial in regard to this phase of the case, is purely cumulative. Under an unbroken line of decisions in Texas, a motion for new trial is not authorized under such circumstances. This disposes of the questions suggested for revision and we are of opinion that as presented, we are not authorized to reverse the judgment. Therefore it is affirmed.

*Affirmed.*