NED BANKS v. THE STATE.

No. 12316.   Delivered February 6, 1929.
Rehearing denied March 6, 1929.

The opinion states the case.

F. O. Tuller of Houston, for appellant.

A. A. Dawson of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

This is a companion case to No. 12,315, Ned Banks v. State, this day decided. The same affidavit and search warrant discussed in the opinion in that case is the one here under attack. It follows that the same disposition of the question is called for here.

The facts developed in the two cases are practically the same and are sufficiently set out in the other opinion. The officers seeing a felony being committed were authorized to arrest and search. (For authorities see opinion in cause No. 12315.)

We cannot regard the remark of the district attorney complained of in bill of exception number five as referring by necessary implication to the failure of appellant to testify. The very language set out in the bill shows that it had reference to some prior remark of counsel to which his attention in some way had been directed.

Judgment seems to have been inadvertently entered adjudging appellant to be guilty of manufacturing liquor. The indictment only charged possessing intoxicating liquor for the purpose of sale and the instructions of the court authorized conviction for that offense only. The judgment will be reformed to adjudge appellant guilty of that offense.

As thus reformed the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant vigorously insists that testimony as to his making whisky, seen by officers through cracks in the doors of his house, should not have been admitted. As far as the record discloses the house was in the open. The Supreme Court of the United States has often held that an officer may arrest,—or search and arrest,—when he discovers by the use of his senses facts supporting the proposition that a felony is being committed,—in substance and as applied to the facts of this case,—that whisky is being made or possessed. McBride v. United States, 284 Fed. 416; United States v. Rembert, 284 Fed. 996; In re Mobile, 278 Fed. 949. Authorities of other states are to the same effect. Earl v. State, 124 Ga. 28; State v. Lutz, 85 W. Va. 330. Numerous cases are collated by Mr. Branch in his Annotated P. C., Sec. 1979, announcing the right of any person, officer or otherwise to arrest one who commits a felony in his presence or within his view. Weaver v. State, 19 Texas Crim. App. 569; Leach v. State, 22 Texas Crim. App. 314. Under all of our authorities the right to arrest carries with it the right to search.

The motion for rehearing will be overruled.

*Overruled.*