JOHN SHANNON v. THE STATE.

No. 14018.   Delivered March 4, 1931.

430

▮▮▮▮▮▮▮▮

, The opinion states the case.

*Bogard & Anderson,* of San Augustine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for six years.

Deceased, Norman Williams, received a wound in the heart at the hands of appellant. The testimony shows that the knife used by appellant had a blade approximately two and one-half inches long. Appellant testified that he did not intend to kill deceased, his version of the transaction being that deceased threatened to kill him and made a movement as if to draw a weapon from his hip pocket. According to appellant's testimony, deceased had been following him around in an endeavor to bring about a difficulty. Touching his purpose in stabbing deceased, appellant said that he was endeavoring to protect himself and get away from deceased when he struck the fatal blow, and that he had no intention or desire at the time he stabbed deceased to kill him. It was the theory of the State, given support in the testimony, that appellant made an unprovoked attack upon deceased with the intention of killing him.

The court's charge as a whole failed to require a finding of a specific intent to kill before a conviction for murder was authorized. The killing was with a weapon not per se deadly, and a lack of intent to kill was testified to by appellant. Under the circumstances the charge of the court should have been amended in response to appellant's exception, as the presence of an intent to kill was indispensably necessary. Stroud v. State, 113 Texas Crim. Rep., 621, 24 S. W. (2d) 52; Miller v. State, 112 Texas Crim Rep., 125, 13 S. W. (2d) 865; Bookman v. State, 112 Texas Crim. Rep., 233, 16 S. W. (2nd) 123.

The charge was timely and properly excepted to because of its failure to submit an instruction covering the law of aggravated assault. As hereinbefore stated, the killing was with a weapon not per se deadly, and a lack of intent to kill was testified to by appellant. We quote from Bookman v. State, supra, on motion for rehearing, as follows:

"Intent to kill being absent although death results, what offense, if any, would accused be guilty of? If the evidence raise the issue of lack of intent to kill, should the court instruct on aggravated assault? These questions were rather exhaustively considered in the recent case of Miller v. State, 112 Texas Crim. Rep., 123, 13 S. W. (2d) at page 865, and the conclusion reached that under our present statute an intent to kill was an essential ingredient of the crime of murder, and that, when the issue was raised that such intent was wanting, an instruction on aggravated assault was called for. It follows that the failure of the court to

instruct upon that issue in the present case was an omission which demands a reversal."

Giving application to the holding of this court, the opinion is expressed that the refusal of the trial judge to submit an instruction on the law of aggravated assault constitutes reversible error.

The court instructed the jury that homicide committed under the influence of sudden passion arising from an adequate cause was neither excused nor justified by law but might be considered by the jury· in determining the punishment to be assessed. The expression "under the immediate influence of sudden passion" was defined, as was the term "adequate cause". Following these definitions, the court instructed the jury as follows:

"And in order to warrant you in assessing the punishment for murder at a period of five years or less, it is necessary not only that adequate cause existed to produce the state of mind referred to, that is, of anger, rage, sudden resentment or terror sufficient to render the mind incapable of cool reflection, but also that such state of mind actually existed at the time of the commission of the offense, and that it was produced by adequate cause."

Appellant was tried under our present murder statute. (Vernon's Ann. P. C., Arts. 1256 to 1258). The minimum penalty for murder is two years. The effect of the instruction above quoted was to advise the jury that the punishment could not be assessed at five years or less unless the jury believed that there was an absence of malice aforethought at the time appellant struck the fatal blow. The jury assessed the penalty at six years. Such instruction was manifestly erroneous. It was contradictory of that part of the court's charge wherein the jury were instructed that if they believed beyond a reasonable doubt that appellant "did voluntarily and with malice aforethought kill Norman Williams as charged in the indictment then you will find the defendant John Shannon guilty of murder and assess his punishment "at death or by confinement in the penitentiary for life, or for any term of years not less than two." Appellant was entitled to a clear, succinct and unambiguous charge, and one which in no respect contradicted other portions of the charge. Henry v. State (Texas Crim. App.), 54 S. W., 592, and authorities cited.

In applying the law of self-defense to the facts, the court instructed the jury as follows:

"If from the evidence in this case you believe that at the time the defendant John Shannon killed the said Norman Williams, if you find that he did kill him, he, the said Norman Williams was making or was about to make an attack upon him, the said John Shannon, with a knife or some other weapon unknown to defendant and from the manner and character of it, taken in connection with all the surrounding circum-

stances happening at the time or beforehand, as viewed from the defendant's standpoint alone, it caused the defendant John Shannon, to have a reasonable expectation or fear of death or serious bodily injury, and the defendant killed the deceased, then you should acquit him."

Appellant timely and properly objected to the foregoing charge on the ground that it required the jury to find that "deceased was making or was about to make an attack upon defendant with a knife or some other weapon sufficient to cause him to anticipate death or some serious bodily injury when the law only requires them to find that defendant so believed the case to be when viewed from his standpoint alone." Appellant testified that he believed that deceased was about to draw a weapon and attack him. The theory of apparent danger should have been submitted from the standpoint of appellant. Branch's Annotated Penal Code, Sec. 1925; Lyons v. State, 71 Texas Crim. Rep., 189, 159 S. W., 1070.

Appellant now contends that it was fundamental error for the court to fail to charge "reasonable doubt" in immediate connection with the instruction covering the law of self-defense. We quote from Regittano v. State, 96 Texas Crim. Rep., 477, 257 S. W., 906, 908, as follows:

"It is believed, however, that where, as in the instant case, the defensive theory is an affirmative one—that is, where the connection of the accused with the homicide is conceded and justified by affirmative testimony given by the accused—when the matter is properly presented in the trial court, there should be embodied in the charge submitting his defense the information to the jury that, if they believe the affirmative defensive facts or have a reasonable doubt of their truth, an acquittal should result."

See also Shannon v. State, 115 Texas Crim. Rep., 249, 30 S. W. (2d) 331. While the court should have charged the doctrine of reasonable doubt in connection with the instruction covering the law of self-defense, it was incumbent upon appellant to present an exception to the charge at the proper time. Regittano v. State, supra.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., not sitting.