ADAM BRISCOE v. THE STATE.

No. 15588. Delivered January 18, 1933.
Reported in 56 S. W. (2d) 458.

The opinion states the case.

*E. B. Coopwood, C. F. Richards,* and *Nye H. Clark,* all of Lockhart, for appellant.

*Lloyd W Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for twenty years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed D. B. Kennard by cutting him with a knife.

Appellant,. who ran a mercantile establishment, had been selling deceased merchandise. An account due appellant had been reduced by deceased to about six dollars. According to the state's testimony, appellant went to the home of deceased sometime prior to the homicide in an effort to collect the amount deceased still owed him. On the day of the homicide, deceased,. accompanied by his wife and small children, drove to the town of Luling. After reaching the business section, deceased's wife left the car, taking her small son with her. Deceased remained in the car with the other two children, holding one of the children in his lap. Deceased was seated under the steering wheel of the car when appellant approached. The testimony of state's witnesses was to the effect that appellant tried to open the car door; that deceased closed the door and endeavored to keep appellant from opening it; that appellant grabbed deceased by the leg and began stabbing him in the leg with a knife. All of the wounds in deceased's leg were below the knee. An artery was severed and deceased died from the loss of blood. According to the state's testimony, after appellant had stabbed deceased he took from the car an automobile crank and walked away. The knife used by appellant had a blade about four inches long.

Appellant testified, in substance as follows: He went to the car for the purpose of asking deceased to pay him what he owed him. He told deceased that he knew he had the money as he had received information that he had been paid by the people employing him. Further, he stated to deceased that he intended to report him to his employer. When he made this statement deceased handed the baby he was holding in his lap.

to his little daughter, and struck him (appellant) two blows in the face with his fist. Deceased then reached down, picked up an automobile crank and attempted to get out of the car by pushing against the door. He (appellant) grabbed hold of the door and tried to prevent deceased from getting out of the car. Deceased punched him with the automobile crank, and he grabbed the crank and he and deceased struggled over it, deceased finally taking the crank away from him. Deceased finally succeeded in getting the door open and was getitng out of the car. Deceased first placed his foot on the running board. Not knowing what to do to prevent the attack deceased was making on him, he (appellant) opened his pocket knife and began cutting deceased on the leg. Immediately after deceased opened the car door he (appellant) took the crank away from him. At this juncture we quote from appellant's testimony as follows: "I did not cut him or try to cut him at any time after I got the crank away from him. I have no knowledge and I had none at that time about the blood vessels and circulation of blood in the human body as to where the big veins and arteries are. As to what this man did after he got out of the car, and I had this crank, well, the next thing I saw was that he looked like he was going to sit down on the running board of the car, and I walked a little bit east, and then I turned south and then west around the next car and then on up the sidewalk. * * * I stated a while ago that as soon as I got this crank from Mr. Kennard I didn't strike him or attempt to strike him. I didn't do anything after that. * * * When I went to town to see Mr. Kennard and at the time I had this trouble with him, nor at any time, did I have any intention of killing Mr. Kennard. When I went up to see Mr. Kennard, I went to see him for the purpose of asking him for my money. I had no other purpose or intention."

Witnesses for appellant gave testimony supporting appellant's theory of self-defense.

We have not undertaken to set out the testimony in detail.

In submitting the offense of murder from the state's standpoint, the court required the jury to find an intention on the part of appellant to kill deceased. Nowhere in the charge were the jury advised affirmatively to acquit of murder in the event they had a reasonable doubt as to whether appellant intended to kill deceased. It is true that the court charged on aggravated assault, and, in submitting that offense from the standpoint of the state, instructed the jury, in substance, to convict appellant of aggravated assault if they believed beyond a rea-

sonable doubt that he unlawfully and not in his own self-defnse, and without any intent to kill, committed an assault upon D. B. Kennard by cutting him with a knife, etc., and thereby inflicted serious bodily injury upon him. As hereinbefore pointed out, appellant testified that he had no intention of killing deceased. The weapon used by appellant was a knife with a blade four inches long, which under decisions of this court was not per se a deadly weapon. Branch's Annotated Penal Code, sec. 1587; Shannon v. State, 117 Texas Crim. Rep., 429, 36 S. W. (2d) 521. The wounds inflicted were below the knee. According to appellant's version, after he had taken the automobile crank away from deceased he made no further effort to strike deceased. Appellant timely and properly excepted to the charge of the court for its failure to affirmatively instruct the jury to acquit him of murder if they entertained a reasonable doubt as to whether he intended to kill deceased. Also he presented to the court a requested instruction covering the subject. Under the circumstances, the opinion is expressed that the learned trial judge fell into error in declining to respond to appellant's exception. See Miller v. State, 112 Texas Crim. Rep., 125, 13 S. W. (2d) 865; Stroud v. State, 113 Texas Crim. Rep., 621, 24 S. W. (2d) 52; Shannon v. State, supra.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.