ARTHUR LEE BELL V. THE STATE.

No. 23186. Delivered October 31, 1945.

The opinion states the case.

*Polk Shelton,* of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of two years.

There are no bills of exception in the record complaining of the admission or refusal of any evidence. The only complaints brought forward relate to the court's main charge and his refusal to give appellant's special requested instruction to the jury to return a verdict of not guilty. In our opinion, appellant was not entitled to such an instruction. The record reflects that appellant and deceased met in the town of Bastrop and soon engaged in an argument about an old automobile which the deceased owned; that in the course of the argument some uncomplimentary remarks were passed; that appellant then cut or stabbed the deceased with a knife, which is referred to by witnesses as an "East Dallas Special." From the wounds thus inflicted death resulted almost instantly. Appellant's plea was self-defense, which he supported by his own testimony, and this raised an issue of fact which the court submitted to the jury for their determination. It is the well-settled law of this state that all issues of fact shall be submitted to the jury, and this the court did in this respect. Consequently, appellant has no just ground as a basis for his first complaint.

His next complaint relates to the court's action in declining to heed his objection to the main charge wherein he specifically directed the court's attention in having failed to instruct the jury that unless they believed from the evidence, beyond a reasonable doubt, that at the time appellant cut or stabbed the deceased he entertained a specific intent to kill, they could not convict him of murder. The court's charge as a whole failed to require a finding by the jury of a specific intent to kill before a conviction for murder was authorized. We are of the opinion that under the facts of this case appellant was entitled to such

an instruction, and that the court, in declining to respond to the objection, fell into error. The wounds upon the deceased were inflicted with a pocket knife which is not per se a deadly weapon, and furthermore, appellant testified that he had no intent to kill the deceased at the time he cut him. This raised an issue of an intent to kill, and it became the duty of the court to submit that issue to the jury for their determination.

Appellant next complains of the court's failure to respond to his objection to the charge on the ground that the court failed to instruct the jury on the law of aggravated assault. As hereinbefore stated, the killing was with a weapon which was not per se deadly, and a lack of intent to kill was testified to by appellant. The intent to kill being absent, although death results, what offense, if any, would the accused be guilty of? If the evidence raised the issue of lack of intent to kill, should the court have instructed the jury on aggravated assault? We think so under the decisions of this court in the following cases: Miller v. State, 112 Tex. Cr. R. 125, 13 S. W. (2d) 865; Shannon v. State, 117 Tex. Cr. R. 429; and Briscoe v. State, 122 Tex. Cr. R. 491, 56 S. W. (2d) 458.

In our opinion, the court erred in both instances in declining to respond to the appellant's objection.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.