**Ex parte Bobbie Louis THOMAS.**

No. 69010.

Court of Criminal Appeals of Texas, En Banc.

Sept. 22, 1982.

Jose E. Troche, El Paso, for applicant.

Steve W. Simmons, Dist. Atty., Allan Massis, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This proceeding involves an original application for a writ of habeas corpus. See Article V, § 5, Tex.Const.

Applicant is seeking relief from an order directing him to serve sixty (60) to one hundred twenty (120) days in the Department of Corrections as a form of "shock probation" under the provisions of Article 42.12, § 3f(b), V.A.C.C.P.

The applicant was convicted by a jury on June 25, 1982 of aggravated kidnapping (V.T.C.A., Penal Code, § 20.04) and his punishment was assessed by the jury at ten (10) years' imprisonment and at a fine of $10,-000.00. The jury in its verdict, however, recommended probation. In the formal judgment the trial court entered the following recitation:

"The jury verdict in this case being an affirmative finding that the defendant is convicted of a felony of the first degree and that he used a firearm during the commission of the offense and the court further also affirmatively finding that the defendant is convicted of a felony of the first degree and that he used a firearm in the commission of the offense, and the defendant having been granted probation, the Court accordingly, under the provisions of Article 42.12.3f(b) of the Code of Criminal Procedure, orders that the defendant be confined in the Texas Department of Corrections for not less than sixty (60) nor more than one hundred twenty (120) days . . . ."

Applicant contends that the indictment did not allege the use of a firearm in the commission of the offense, that the issue of the use of a firearm was not submitted to the jury, and that the jurors, being the exclusive triers of the facts, did not in their verdict or otherwise affirmatively find that a firearm was used in the commission of the offense. Applicant further argues that the court alone, and without authority, made the finding that a firearm was used and entered the controverted order of confinement in contravention of the jury's verdict recommending probation.

It was upon this basis that the applicant brought his original application for writ of habeas corpus. This court ordered the same filed and set and released the applicant upon his personal bond pending further order of this court.

V.T.C.A., Penal Code, § 20.04 (Aggravated Kidnapping), provides:

"(a) A person commits an offense if he intentionally or knowingly abducts another person with the intent to:

"(1) hold him for ransom or reward;

"(2) use him as a shield or hostage;

"(3) facilitate the commission of a felony or the flight after the attempt or commission of a felony;

"(4) inflict bodily injury on him or violate or abuse him sexually;

"(5) terrorize him or a third person; or

"(6) interfere with the performance of any governmental or political function.

"(b) An offense under this section is a felony of the first degree unless the actor voluntarily releases the victim alive and in a safe place, in which it is a felony of the second degree."

Omitting the formal parts, the indictment alleges the applicant on or about January 27, 1981, "did then and there unlawfully intentionally and knowingly abduct another person, MICHAEL HARMON, with the intent to hold him for ransom and reward . . . ."

It thus appears that the applicant was indicted under the provisions of V.T.C.A., Penal Code, § 20.04(a)(1), and there was no allegation that a firearm was used.

An examination of the court's charge reflects that the offense as alleged in the indictment was submitted to the jury. There was no requirement that the jury make a finding as to the use of a firearm. In fact, there is no mention or reference to a firearm in the court's charge to the jury.

At the guilt stage of the trial the jury returned the verdict as follows:

"We, THE JURY, find the defendant, Bobby Louis Thomas, Jr., guilty *as charged in the indictment.*

/s/ Rodney F. Moulton,
Foreman"
(Emphasis supplied.)

The verdict form returned at the penalty stage of the trial was as follows:

"We, THE JURY, find the defendant, Bobby Louis Thomas, Jr., has never heretofore been convicted of a felony in this or any other state, and recommend that sentence be suspended and that the defendant be placed upon adult probation.

/s/ R. F. Moulton

"We, THE JURY, impose the following conditions of probation. . . .

"All of the conditions   X  ."

The jury made no other findings and there was no mention or reference of the use of a firearm in the verdict or verdicts returned.

It was thereafter that the trial court entered the order complained of in the formal judgment finding the jury in its verdict found affirmatively that the appellant had used a firearm in the commission of the offense and affirmatively found itself the use of a firearm.

■ It is clear from the above that the court was in error in finding that the jury by its verdict had made such affirmative finding.

Article 42.12, § 3f(b), V.A.C.C.P., provides:

"(b) *If there is an affirmative finding* that the defendant convicted of a felony of the second degree or higher used or exhibited a firearm during the commission or flight from the commission of the offense and the defendant is granted probation, the court may order the defendant confined in the Texas Department of Corrections for not less than 60 and not more than 120 days. At any time after the defendant has served 60 days in the custody of the Department of Corrections, the sentencing judge, on his own motion or on the motion of the defendant, may order the defendant released to probation. The Department of Corrections shall release the defendant to probation after he has served 120 days." (Emphasis supplied.)

The above statute is vague as to who is to make the "affirmative finding" where a jury is the trier of the facts in a case of a felony of the second degree or higher.[1] In fact, the statute does not so provide.

Article 36.13, V.A.C.C.P., provides:

"Unless otherwise provided in this Code, the jury is the *exclusive* judge of the facts, but it is bound to receive the law from the court and be governed thereby." (Emphasis supplied.)

Article 38.04, V.A.C.C.P., provides:

"*The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given the testimony,* except where it is provided by law that proof of

any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence." (Emphasis supplied.)

It has long been said that the jurors are the exclusive judges of the facts proved, *Weatherford v. State,* 21 S.W. 251 (Tex.Cr. App.1893), or the issues of facts, *Roberts v. State,* 122 S.W. 388 (Tex.Cr.App.1909). It is frequently said that the jury is the exclusive judge of the facts, credibility of the witnesses, and weight to be given to the testimony. See, e.g., *Howard v. State,* 420 S.W.2d 706 (Tex.Cr.App.1967). And it has been said that fact issues must be submitted to the jury. *Bell v. State,* 148 Tex. Cr.R. 573, 189 S.W.2d 1022 (1945).

■ There can be no question that whether a firearm was used in the commission of an offense, etc., is a fact issue to be decided by the trier of the facts.

■ Reading Article 42.12, § 3f(b), together with Articles 36.13 and 38.04, and applying the statutory rules of construction and the Code Construction Act (Article 5429b–2, § 3.03, V.A.C.S.), we conclude that when the jury is the trier of the facts the "affirmative finding" mentioned in said Article 42.12, § 3f(b), as to whether a firearm was used or exhibited during the commission of the offense, etc., must be made by the jury.

If the Legislature had intended for the trial court to make such an "affirmative finding," a determination of a fact issue, in a case where the jury was the trier of the facts, it could have easily provided for such determination to be made by the trial court. It did not do so, and we cannot say the Legislature intended to overrule the provisions of Articles 36.13 and 38.04, V.A.C.C.P.

We are reinforced in our conclusion by the provision of Article 42.12, § 3a, V.A.C. C.P., which reads:

"... In all eligible cases, probation shall be granted by the court, if the jury

---

1. Article 3f(a)(2), V.A.C.C.P., also is vague as to who is made the "affirmative finding" there

mentioned when the case is being tried by a jury.

recommends it in their verdict, for the period recommended by the jury."

It must be kept in mind that the provisions of the said Article 42.12, § 3f(b), do not come into play unless probation has been granted a defendant by a jury. If we were to reach a different conclusion, it would mean that the jury, the trier of the facts, could recommend probation and make no affirmative finding as to the use of a firearm, and yet the trial court could then make a factual determination as to the use of a firearm by a defendant and then alter or change the jury's intention and verdict by ordering the defendant confined in the Department of Corrections for as long as 120 days. Surely the Legislature did not intend this.

The State urges that the applicant be denied relief arguing that the court's confinement order was proper as the submission of a special issue to the jury was not required. In support thereof, the State cites *Ex parte Moser,* 602 S.W.2d 530, 533 (Tex.Cr.App.1980). In *Moser* the indictment charged Moser with murder by shooting the deceased with a pistol. This theory was submitted to the jury in the court's charge; and the jury in its verdict found Moser "guilty of murder as charged in the indictment." There was no special issue submitted. The court wrote:

> "... In these circumstances, the verdict necessarily included a finding that the applicant committed murder by shooting the individual with a pistol. Therefore, this verdict must amount to an affirmative finding that the applicant used a firearm in the commission of the offense."

*Moser* is distinguishable from the instant case. Here the indictment did not allege the use of a firearm in the commission of the offense, the use of a firearm was not an issue submitted to the jury, and the verdict "guilty as charged in the indictment" did not amount to an affirmative finding that a firearm had been used or exhibited in the offense's commission.[2]

The *Moser* opinion issued a cautionary note about its limited holding that the verdict was sufficient to reflect an affirmative finding as to the use of a firearm.

> "... *We should not be understood to hold that this method was the only, or even the better, way to make such a finding. Different indictments, instructions, or forms of verdict obviously might make such a method inadequate to comply with the statute.* Nor should we be understood to say that instructions or special issues would be improper or unnecessary in a given case; these questions are not presented today. Our holding is that in this case there was not a violation of the statutory requirement of an affirmative finding, much less a denial of due process." (Emphasis supplied.)

Likewise we limit our holding to the particular circumstances of this jury case.

The relief prayed for is granted. The trial court's order requiring applicant to serve 60 to 120 days in the Department of Corrections is set aside.

It is so ordered.

---

**2.** We do not conclude that *Brown v. State,* 475 S.W.2d 938, 951 (Tex.Cr.App.1971), or *Harris v. State,* 457 S.W.2d 903, 916 (Tex.Cr.App.1970), also cited by the State, are in point. These cases simply held that when the issue of the voluntariness of a confession is submitted to a jury there is no requirement that the jury make findings of fact or answer special issues.