**Opinion issued November 14, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00337-CR

————————————

**ROBERT GERMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 208th District Court
Harris County, Texas
Trial Court Case No. 1719912

# MEMORANDUM OPINION

In this appeal, we are presented with the question of whether a trial court may enter a deadly weapon finding in a judgment that is contrary to that made by the jury in response to a special issue.[1]

A jury convicted Robert German of the offense of arson,[2] found two felony enhancement paragraphs true, and assessed his punishment at 33 years' imprisonment. In response to a special issue, the jury found that German did not use a deadly weapon in the commission of the offense.

On appeal, German argues that the trial court erred in entering an affirmative finding in the judgment that he used or exhibited a deadly weapon. German thus requests that we modify the trial court's judgment to remove the deadly-weapon finding.

We agree and modify the trial court's judgment and affirm as modified.

## Background

Because the issue raised in this appeal relates only to the deadly-weapon finding, we address the facts only as they relate to the events after conviction.

---

[1] German raised two issues on appeal. In a prior order, we sustained his first issue and, because he was deprived of counsel for the entire period for filing a motion for new trial, we abated his appeal to permit him to file an out-of-time motion for new trial. This case has now been reinstated and we consider his remaining second issue in this opinion.

[2] *See* TEX. PENAL CODE § 28.02.

German was charged with arson. The indictment alleged that he used and exhibited a deadly weapon during the commission of the offense as follows:

> It is further presented that, at the time that the Defendant committed the felony offense of Arson, on or about April 14, 2021, as hereinabove alleged, he used and exhibited a deadly weapon, namely a fire, during the commission of said offense and during the immediate flight from said offense.

The jury found German guilty "as charged in the indictment." Neither the jury charge nor the verdict form contained a reference to the use or exhibition of a deadly weapon. Rather, the jury was given the following special issue to answer "if [it] found the defendant guilty of the offense of arson":

> "Do you the Jury find beyond a reasonable doubt that the defendant used or exhibited a deadly weapon, namely, a fire, during the commission of the offense for which he has been convicted or during the immediate flight therefrom?"

The jury circled the words, "We do not." Thus, the jury determined that German did not use or exhibit a deadly weapon, namely, a fire, during the commission of the offense.

Despite this express finding by the jury, the trial court entered an affirmative deadly-weapon finding in two places in the written judgment.

## Deadly Weapon Finding

In his second issue, German argues that the trial court's judgment should be modified to delete the affirmative finding that he used or exhibited a deadly weapon while committing arson. The State agrees that the judgment should be so modified.

3

The trier-of-fact is responsible for making any affirmative finding concerning the use or exhibition of a deadly weapon. *Duran v. State*, 492 S.W.3d 741, 746 (Tex. Crim. App. 2016). When the jury is the trier-of-fact, it must first make an affirmative finding on the deadly-weapon issue before the trial court may enter an affirmative deadly weapon finding in the judgment. *Id.* An "affirmative finding" means the trier-of-fact's express determination that a deadly weapon or firearm was actually used or exhibited during the commission of the offense. *See id.* (citing *Polk v. State*, 693 S.W.2d 391, 393 (Tex. Crim. App. 1985)).[3]

In a jury trial, the trial court is required to enter an affirmative deadly-weapon finding in its judgment if: (1) the jury has found the defendant guilty as alleged in the indictment and the deadly weapon is specifically pled in the indictment; (2) the jury has found the defendant guilty as alleged in the indictment, and though not specifically pled as a deadly weapon, the weapon pled is *per se* a deadly weapon; or (3) the jury affirmatively answered a special issue on deadly-weapon use.[4] *See*

---

[3]  Courts may refer to the indictment, the charge (including the application paragraph of the jury charge), the verdict form, and the judgment when assessing whether the jury made an express deadly-weapon finding. *See Lafleur v. State*, 106 S.W.3d 91, 98–99 (Tex. Crim. App. 2003); *see also Duran v. State*, 492 S.W.3d 741, 746 (Tex. Crim. App. 2016) ("Courts do not look to the facts of the case to 'imply' an affirmative deadly-weapon finding; we look to the charging instrument, the jury charge, and the jury verdict to evaluate the propriety of an entry of a deadly-weapon finding in the judgment.").

[4]  "By way of contrast, no inferences are required when the trial court submits a question to the jury as a special issue in punishment: the trial court specifically asks

*Polk*, 693 S.W.3d at 396; *Rodriguez v. State*, 129 S.W.3d 551, 561 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) ("Once the jury makes the affirmative finding, the trial court must enter the affirmative finding in the judgment.").

However, if the jury, as factfinder, does not first make an affirmative finding that the defendant used or exhibited a deadly weapon during the commission of the offense, the trial court is without authority to enter such a finding in the judgment. *See Duran*, 492 S.W.3d at 746.

Here, the record supports modification. The trial court entered an affirmative finding on the use or exhibition of a deadly weapon. But because the jury determined German's guilt and punishment, it, not the trial court, was the proper factfinder to determine whether German used a deadly weapon. *See Ex parte Thomas*, 638 S.W.2d 905, 907 (Tex. Crim. App. 1982). Therefore, before the trial court could make an affirmative deadly weapon finding, the jury first had to make such a finding. *See Duran*, 492 S.W.3d at 747. It did not.

Although the jury found German guilty as alleged in the indictment, the charge and verdict form did not reference the use of a deadly weapon. Instead, the jury was asked to respond to special issue as to use or exhibition of deadly weapon.

---

the jury in the jury charge whether a deadly weapon was used or exhibited during the commission of the offense by the defendant or by a party to the offense, and the jury answers that question directly in a separate verdict form." *Duran*, 492 S.W.3d at 747.

But rather than make an affirmative finding that a deadly weapon was used, the jury answered in the negative. *See Polk*, 693 S.W.2d at 396. Because the factfinder expressly found that German did not use a deadly weapon, the trial court was not authorized to enter a contrary finding in the judgment. *See Duran*, 492 S.W.3d at 745–47.[5]

This Court has the power to correct and reform the judgment of the court below "to make the record speak the truth" when it has the necessary data and information to do so. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see also* Tex. R. App. P. 43.2(b) ("Court of Appeals may . . . modify the trial court's judgment and affirm it as modified."). This includes the power to delete a deadly-weapon finding that was erroneously entered in the judgment without the factfinder having first made the finding. *Polk*, 693 S.W.2d at 395–96 (deleting finding).

Based on the record, we conclude that the jury did not make an affirmative finding that German used a deadly weapon when he committed arson, and therefore, the trial court was not authorized to enter an affirmative deadly-weapon finding in the judgment. *See Duran*, 492 S.W.3d at 750 (holding that trial court was not authorized to enter a deadly weapon finding in the burglary of habitation case based

---

[5]    The State also concedes that the jury specifically found German did not use a deadly weapon while committing arson. Thus, the State agrees that German is entitled to a modification of the judgment.

upon the abandoned aggravated assault conviction). Because the necessary information appears in the record before us, we hold that the judgment should be modified to strike the affirmative deadly weapon finding. *See Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

We sustain German's second issue.

## Conclusion

We modify the trial court's judgment to strike the affirmative deadly-weapon finding, and we affirm the trial court's judgment as so modified in all things.


Terry Adams
Chief Justice


Panel consists of Chief Justice Adams and Justices Hightower and Countiss.

Do Not Publish. TEX. R. APP. P. 47.2(b).